IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY RONK**                                                                                     **PETITIONER**

v.                                                                       CIVIL ACTION NO. 1:19-CV-346-HSO

**BURL CAIN, Commissioner, Mississippi
Department of Corrections and
LYNN FITCH, Attorney General of the
State of Mississippi**                                                                          **RESPONDENTS**

## ORDER GRANTING MOTIONS TO STAY AND ABATE

This matter is before the Court on the Motion to Stay and Abate Pending State Court Successive Petition [Doc. #26] and the Motion to Stay Briefing Schedule or, Alternatively, for Additional Time to File Merits Brief [Doc. #28], both filed by the Petitioner, Timothy Ronk. Ronk wishes to return to state court to exhaust certain claims of ineffectiveness of trial and post-conviction counsel that were not raised in state court. State law gives him the right to do so.

In 2013, the Mississippi Supreme Court held that, in a death penalty case, it would recognize a state right to effective post-conviction counsel. *Grayson v. State,* 118 So. 3d 118, 126 (Miss. 2013). In reaching its decision in that case, the court held, "[T]oday we make clear that PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel." *Id*. The Mississippi Supreme Court continues to cite to *Grayson* as mandating review of claims of ineffectiveness of post-conviction counsel in successive PCR petitions, even years after the initial post-conviction petition was decided. *See, e.g., Brown v. State*, 306 So. 3d 719, 748 (Miss. 2020).

Thus, after *Grayson* was decided, no claim of ineffective assistance of PCR counsel could be deemed exhausted in this Court unless the Mississippi Supreme Court had considered

the issue. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). That being so, all of the capital habeas cases raising the issue of ineffectiveness of PCR counsel that were pending in this Court were stayed, so that the petitioners in those cases could return to state court to exhaust that issue. Even though some of the cases had been closed in state court for some time, the Mississippi Supreme Court reviewed each one. *See, e.g. Brown*, 306 So. 3d 719; *Walker v. State*, 303 So. 3d 720 (Miss. 2020).

The Respondents argue that the claims that Ronk intends to argue in state court lack merit, that Ronk is employing dilatory tactics, and that, since the "vast majority" of *Grayson* type claims have been ultimately denied by the Mississippi Supreme Court, this Court should deny his Motion to Stay and Abate.[1] State law is clear, however, that no matter how slim his chances of success might be, Ronk has the right to raise this claim in state court. *Grayson*, 118 So. 3d at 126. It is not within the province of this Court to pre-judge the issues of ineffectiveness Ronk raises, and there is no question that the Court cannot consider them until they are decided in state court.

The question then becomes whether the Court should stay the remainder of this case while Ronk exhausts his ineffectiveness claims. *Grayson*'s recognition of a right to effective post-conviction counsel has existed since 2013, and this case was filed in 2019. It would seem that the ineffectiveness claims could have been raised in state court prior to filing a habeas petition in this Court. Nonetheless, the Court is hesitant to deny a stay in this situation without prior warning to capital counsel.

---

[1] The Motion to Stay Briefing Schedule is Unopposed.

Also militating in favor of a stay is that, if these claims are resolved favorably to Ronk, he would have no need to return to this Court. The Court sees little point in sending an incomplete case to the Fifth Circuit now, while related claims remain pending in state court. Finally, when the case returns to this Court, Ronk's claims will be exhausted. Because they will not have been defaulted, *Martinez v. Ryan* does not apply. 566 U.S. 1, 17 (2012); *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016). The Court can then proceed to resolve the claims on a complete state court record, along with the remainder of his case. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

For these reasons, a stay will be granted. Counsel is cautioned, however, that this Court may, in the future, refuse to stay a habeas case for state court review of a claim that could have been brought there earlier. Although the Court will grant a stay, the Respondents' request that the stay be conditioned on adherence to a timetable within which to seek state court review is a good one, and the Court will adopt it. The Court will also adopt the Respondents' suggestion that Ronk be required to return to this Court, if necessary, within thirty days from the date that exhaustion is complete. Finally, regular status reports from Ronk's counsel will be required.

IT IS, THEREFORE, ORDERED that Petitioner Timothy Ronk's Motion to Stay and Abate Pending State Court Successive Petition [Doc. #26] is hereby GRANTED, as follows:

1. This case will be stayed pending the resolution of Ronk's ineffectiveness claims in state court.

2. Ronk must file his petition for successive post-conviction relief in the Mississippi Supreme Court on or before April 5, 2021.

3. Within thirty days after the disposition of his petition in state court, Ronk must file a motion to vacate the stay in this case and set a new briefing schedule.

4. From this date, Ronk's attorneys must submit, every sixty days, via CM/ECF, a status report[2] on the posture of the case in state court and counsel's efforts to advance it.

5. Failure to fulfill these conditions, or any indication of undue delay in state court, may result in this Court's vacating the stay and placing this case back on a briefing schedule.

IT IS FURTHER ORDERED that, this case being stayed, the Motion to Stay Briefing Schedule [Doc. #28] is DENIED AS MOOT.

It is so ordered, this the 23rd day of February, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] That selection appears under Civil/Other Documents/Status Report