IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY RONK**                                                                                   **PETITIONER**

**v.**                                                           **CIVIL ACTION NO. 1:19-CV-346-HSO**

**BURL CAIN, Commissioner, Mississippi**
**Department of Corrections and**
**LYNN FITCH, Attorney General of the**
**State of Mississippi**                                                                         **RESPONDENTS**

**ORDER DENYING PETITIONER'S MOTION FOR APPROVAL OF FUNDING
AND PROPOSED BUDGET FOR ATTORNEYS' FEES AND EXPENSES TO
PREPARE AND FILE STATE COURT SUCCESSIVE POST-CONVICTION PETITION**

This matter is before the Court on the Motion for Approval of Funding and Proposed Budget for Attorneys' Fees and Expenses to Prepare and File State Court Successive Post-Conviction Petition [Doc. #52] filed by the Petitioner, Timothy Ronk. Ronk seeks to return to state court to exhaust claims of ineffectiveness of post-conviction counsel, a right created by the Mississippi Supreme Court in *Grayson v. State*, 118 So. 3d 118, 125-26 (Miss. 2013). This Court finds that the Motion should be denied.

**I.  FACTUAL BACKGROUND**

Ronk's attorneys were appointed in this federal habeas matter on July 2, 2019. When Ronk later sought leave to supplement his Petition, it became obvious that he was asserting state claims that had not been exhausted. Resp.'s Mem. Supp. Mot. Amend 4 [Doc. #17]. In order to pursue his state claims, Ronk's attorneys filed a motion for appointment as counsel in state court on March 12, 2021. That motion was opposed by the State, on grounds that Ronk's attorneys had already been appointed for his federal habeas proceedings. The Mississippi Supreme Court denied the motion, without prejudice to Ronk's counsel seeking appointment there if funding is

not available from this Court. *Ronk v. State,* No. 2021-DR-00269-SCT, *En Banc* Order 2-3 (Miss. Aug. 16, 2021). Counsel's present Motion [Doc. #52] now seeks funding from this Court to pursue Ronk's successive state habeas relief.

The statutory basis for appointing and compensating counsel in a federal capital habeas action is 18 U.S.C. § 3599(a)(2). Once counsel is appointed by this Court, the scope of their duties is as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every *subsequent* stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e) (emphasis added).

Ronk's case was initiated in this Court by way of a Motion to Appoint Counsel filed here on June 26, 2019. His habeas Petition was filed on December 2, 2019 [Doc. #9]. On May 5, 2020, before the Respondents had answered the Petition, Ronk filed a Motion to Amend it [Doc. #16]. In his supporting Memorandum, Ronk admitted that his Petition included unexhausted claims related to the testimony of an expert witness, and he sought to add exhibits supporting his unexhausted claims. [Doc. #17]. The Court permitted the amendment, but noted that because the documents supported unexhausted claims, its decision to allow the amendment "is no guarantee that they will be considered as part of his habeas case." [Doc. #23, citing *Cullen v. Pinholster*, 563 U.S. 170 (2011)]. Shortly thereafter, Ronk filed a Motion for a Stay, so that he could return to state court and exhaust his unexhausted claims. [Doc. #26]. As has been the

Court's practice in similar cases, the Court granted the stay, but set a deadline in which to file the successive state court post-conviction petition. [Doc. #35].

Unlike in previous cases in which the state court had appointed counsel for the post-conviction proceedings, the Respondents objected to the appointment in this instance, arguing that federal habeas counsel should continue their representation of Ronk in the state court proceedings. The Mississippi Supreme Court denied the motion for appointment, but without prejudice to Ronk's right to seek a determination from this Court as to whether it was appropriate for federal habeas counsel to continue their representation in state court to exhaust Ronk's claims. *Ronk,* No. 2021-DR-00269-SCT, *En Banc* Order 2-3. This Motion followed.

## II. **DISCUSSION**

Resolution of Ronk's Motion turns upon the interpretation of § 3599 and whether the proposed state court representation at issue here falls within its scope. The plain language of the statute authorizes federal habeas counsel to represent their client in competency proceedings, clemency proceedings, and "every *subsequent* stage of available judicial proceedings . . . ." 18 U.S.C. § 3599(e) (emphasis added). In addition to this statutory language, the Court's analysis is guided by the United States Supreme Court's decision in *Harbison v. Bell*, 556 U.S. 180 (2009).

Harbison was a death-sentenced prisoner who had completed his federal habeas proceedings, *Harbison v. Bell*, 408 F.3d 823 (6th Cir. 2005), and the United States Supreme Court had denied certiorari, *Harbison v. Bell*, 552 U.S. 1246 (2008). Thereafter, Harbison pursued state court clemency proceedings, but his request for counsel there was denied on grounds that there was no authority under state law to appoint a lawyer to his case. *State v. Johnson,* No. M1987-00072-SC-DPE-DD (Tenn. Oct. 6, 2006) (*per curiam* order). His federal habeas counsel then asked the district court to expand the scope of her representation to include

3

the state clemency proceedings, but the district court denied that request based on an earlier Sixth Circuit case denying federally-funded counsel in state post-conviction proceedings. *Harbison v. Bell*, No. 1:97-CV-52, 2007 WL 128954, at *6-8 (E.D. Tenn. Jan. 16, 2007) (citing *House v. Bell*, 332 F.3d 997, 999 (6th Cir. 2003) ("The rule is simple. The two representations shall not mix. The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings.")). That denial was affirmed by the Sixth Circuit. *Harbison v. Bell*, 503 F.3d 566, 570 (6th Cir. 2007). Harbison sought review in the United States Supreme Court. After a thorough review of the statutory language and the legislative history of § 3599, the Supreme Court concluded that the statute authorized federally appointed counsel to represent their clients in state clemency proceedings because such proceedings qualified as "subsequent" under the statute. 566 U.S. at 194.[1]

In *Harbison*, the issue was whether § 3599(e)'s express provision of counsel for clemency proceedings included both the federal *and* state clemency process. The Supreme Court noted that the meaning of the statute turned on the word "subsequent," explaining that § 3599(e) was ordered to represent "the ordinary course of proceedings for capital defendants." *Id*. at 188. Thus, counsel is authorized to provide representation through "pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures . . . ." § 3599(e). As the *Harbison* Court noted, counsel's responsibilities commence at the point where she is appointed; therefore, an appointment before trial obliges counsel to represent her client through all of the listed proceedings; an appointment after trial obliges counsel to represent her client from the

---

[1] Harbison's sentence was ultimately commuted by the Governor of Tennessee to life without parole. *State v. Harbison*, No. E2017-00520-CCA-R3-CD, 2018 WL 674002 at *2 (Tenn. Crim. App. Feb. 1, 2018).

point of appeal through the remaining stages; and an appointment pursuant to 28 U.S.C. § 2254 or § 2255 obliges counsel to begin her representation at that point. *Harbison*, 556 U.S. at 188. As explained by the Court, the word "subsequent" refers to the sequential organization of the statute. *Id*.

After listing the stages of "available judicial proceedings," the statute goes on to provide that counsel "shall *also* represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." § 3599(e) (emphasis added). Clemency is a remedy outside the judicial process; it is "a prerogative granted to executive authorities to help ensure that justice is tempered by mercy." *Cavazos v. Smith*, 565 U.S. 1, 9 (2011). It is "the historic remedy for preventing miscarriages of justice where judicial process has been exhausted." *Herrera v. Collins*, 506 U.S. 390, 412 (1993). It is logical, then, that the Supreme Court concluded that it was a "subsequent" proceeding for which counsel is provided.

Although state post-conviction (also called "state habeas") proceedings were not at issue in *Harbison*, the Supreme Court briefly addressed them. *Harbison*, 556 U.S. at 189-90. One of the arguments that the Government advanced was that a decision to provide counsel for state clemency proceedings would also require counsel for the state habeas process. The Supreme Court disagreed, stating that state habeas was not a "subsequent" stage to federal habeas. *Id*. at 189. In fact, the Court held that it was:

> Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief. *See* § 2254(b)(1). That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute.

*Harbison*, 556 U.S. at 189-90.

That being so, however, the statute does allow for counsel to represent her client in "other appropriate motions and procedures . . . ." § 3599(e).  Under that provision, the Supreme Court suggested that a district court could, on a case by case basis, determine that exhaustion of a claim in state court could be considered "appropriate."  556 U.S. at 190 n.7.  The Court warned, however, that "[t]his is not the same as classifying state habeas proceedings as 'available post-conviction process' within the meaning of the statute."  *Id*.

As support for federal habeas counsel's continued representation in state court, attorneys for both sides have offered a December 9, 2010, Memorandum from the Chair of the Judicial Conference Committee on Defender Services regarding the use of federal funds to provide continued representation to a capital defendant seeking to exhaust state court claims in state court.  The Memorandum, issued after the decision in *Harbison*, and relying on footnote 7 of the opinion, recommended that judges presiding over cases in federal court employ a multi-part test to determine whether the use of federal funds was appropriate.  Judicial Conference of the United States, Committee on Defender Services, Use of Defender Services Appropriated Funds by Federal Appointed Counsel for State Court Appearances in Capital Habeas Corpus Cases (Dec. 9, 2010).  The test includes considering whether funds are available from the state to compensate counsel.  *Id.* at 3.

More recent and compelling authority than this recommendation, however, comes from the Fifth Circuit in *Storey v. Lumpkin*, 8 F.4th 382 (5th Cir. 2021).  In *Storey*, the petitioner had completed his federal habeas proceedings and an execution date had been set, before the petitioner discovered that the victim's parents did not want him to receive the death penalty, which was contrary to the prosecutor's statements during closing argument.  *Id*. at 385.  Storey filed a successive state habeas petition, which was dismissed.  Following that, his counsel, who

6

had been originally appointed for his federal habeas case, sought compensation for working on the successive state habeas petition. The district court denied the request. *Id*. at 386.

The Fifth Circuit reviewed the district court decision under the rationale of *Harbison*, which held that [s]tate habeas was not a stage 'subsequent' to federal habeas. *Storey*, 8 F.4th at 393 (citing *Harbison*, 556 U.S. at 189). As Justice Roberts explained in his concurring opinion in *Harbison*, state judicial proceedings which follow federal habeas "are more properly regarded as new judicial proceedings." *Id*. at 195. The *Storey* Court held, therefore, that funding was not available for any proceeding that was not "subsequent" to the federal habeas case, including the state habeas proceeding in question. *Storey*, 8 F.4th at 393.

Ronk attempts to distinguish *Storey* on grounds that it concerned work performed after the conclusion of Storey's federal habeas case, whereas Ronk seeks to return to state court while his federal habeas case is pending. The Court is not persuaded. First, unlike state post-conviction claims, clemency proceedings such as those in *Harbison* are only appropriate after the conclusion of the judicial process. *See, e.g.,* Miss. Const. Art 5, § 124 ("[T]he Governor shall have power to grant reprieves and pardons . . . . [b]ut no pardon shall be granted before conviction . . . ."); *In re Hooker*, 87 So. 3d 401, 412 (Miss. 2012) ([I]t is *after* conviction when the governor exercises the complete power*.*"); *Pope v. Wiggins*, 220 Miss. 1, 7, 60 So. 2d 913, 915 (1954) ("[T]he power to grant pardons and to otherwise extend clemency, *after the judicial process whereby one has been convicted of a crime has come to an end*, is vested in the governor alone.") (emphasis added). In contrast both *Harbison* and *Storey* made clear that exhaustion of state post-conviction claims must occur before they can be raised in a federal habeas case; therefore, state habeas proceedings are not considered "subsequent" within the meaning of the statute, no matter when they are instigated. *Harbison*, 556 U.S. at 189-90; *Storey*, 8 F.4th at 393.

7

As *Storey* held, state post-conviction proceedings undertaken after the *completion* of a federal habeas action did not qualify as a "subsequent stage." *Storey*, 8 F.4th at 393. In light of that holding, it is difficult to see how Ronk's state proceeding, which was commenced during the pendency of his federal habeas case, could be called "subsequent." 18 U.S.C. § 3599(e).

This interpretation comports with the general notions of federalism that are always a concern in habeas matters. The Supreme Court has long held that a federal court considering a habeas petition cannot review a claim that was dismissed on a procedural default in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This is particularly true where the petitioner failed to exhaust his claims in state court. *Id.* at 726 (1991) ("This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus."). In addition, in this case there is a mechanism for the State to appoint counsel for *Grayson* review. *See* Miss. R. App. P. 22(c); *see, e.g., Le v. State*, 2013-DR-327; *Knox v. State,* 2014-DR-849; *Underwood v. State*, 2015-DR-1378; *Powers v. State,* 2017-DR-696; *Brown (Xavier) v. State*, 2017-DR-1373; *Moffett v. State,* 2018-DR-276; *Walker v. State*, 2018-DR-1059; *Brown (Joseph) v. State,* 2018-DR-1256. In each of these cases, the State appointed attorneys when the petitioner returned to state court to exhaust *Grayson* claims.

In addition, instituting a practice of federal courts appointing federally-funded counsel in state courts could raise significant federalism concerns, as it is easily foreseeable that such appointments could lead to federal interference in the orderly proceeding of state criminal matters. *See Gary v. Warden, Georgia Diagnostic Prison*, 686 F.3d 1261, 1278 (11th Cir. 2012) ("The Supreme Court has explained on numerous occasions the importance of 'the fundamental policy against federal interference with state criminal prosecutions' . . . and emphasized that 'the States' interest in administering their criminal justice systems free from federal interference' is a

critical concern of federalism." (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Kelly v. Robinson*, 479 U.S. 36, 49 (1986))).  This is particularly true where the logistics of implementing the federal CJA reimbursement system for compensating counsel would require this Court to oversee the activities of counsel operating in state court.  *Gary*, 686 F.3d at 1278 ("Interference, or at least the appearance of interference, would be inevitable . . . including when a district court . . . reviews counsel's CJA 30 vouchers to determine the reasonableness of the requests for compensation.").

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the state litigation over whether Ronk's trial and post-conviction counsel were ineffective within the meaning of *Grayson* is not a matter that falls within the purview of 18 U.S.C. § 3599, and his Motion for Approval of Funding should be denied.

**IT IS, THEREFORE, ORDERED** that the Motion for Approval of Funding and Proposed Budget for Attorneys' Fees and Expenses to Prepare and File State Court Successive Post-Conviction Petition [Doc. #52] is **DENIED.**

It is so ordered, this the 22nd day of October, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE